[redacted]

# PARTIAL CLAIM MORTGAGE

**Prepared By:**
**PENNYMAC LOAN SERVICES**
**6101 CONDOR DRIVE, SUITE 200**
**MOORPARK, CA 93021**
**866-549-3583**

**After Recording Please Return To:**
**SERVICELINK**
**ATTN: LOAN MODIFICATION SOLUTIONS**
**320 COMMERCE, SUITE 100**
**IRVINE, CA 92602**
**800-777-8759**

Property Address:
**7949 LANGDON STREET**
**PHILADELPHIA, PA 19111**

UPI/PIN/Tax ID: **56-1141300**

*[Space Above This Line For Recording Data]*

**LOAN NO.:** [redacted]

**FHA Case** [redacted]

**Investor Loan No** [redacted]

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **June 2, 2026**. The Mortgagor is **EBONY LAWSON-WHITEHEAD**
Whose address is **7949 LANGDON STREET, PHILADELPHIA, PA 19111**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Fifteen Thousand One Hundred Twelve and 50/100ths** Dollars (U.S. **$15,112.50**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **December 1, 2046.** This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage,



[redacted]

warrant, grant and convey to the Lender, with the power of sale the following described property located in **PHILADELPHIA** County, Pennsylvania:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **7949 LANGDON STREET, PHILADELPHIA, PA 19111**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.



[redacted]

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as



[redacted]

provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.



[redacted]

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **June 2, 2026** between **EBONY LAWSON-WHITEHEAD**, and **Secretary of Housing and Urban Development**.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

____________________________ Date: 6 /26/26
Borrower - **EBONY LAWSON-WHITEHEAD**

Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410.**

**PennyMac Loan Services, LLC in its capacity as Service/Agent for Urban Development and its successors and assigns**

By: ____________________________

Title: ____________________________



[redacted]

## ACKNOWLEDGMENT

State of Pennsylvania §
§
County of Philadelphia §

On 06/26/2026 (MM/DD/YYYY), before me, the undersigned officer, personally appeared **EBONY LAWSON-WHITEHEAD**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

Notary Public

Anna Koldakova
Printed Name

Phila Auto Tag LLC
Title of Officer

My Commission Expires: 08/26/29

Commonwealth of Pennsylvania - Notary Seal
ANNA KOLDAKOVA - Notary Public
Philadelphia County
My Commission Expires August 26, 2029
Commission Number 1278594
(Seal)

**Loan Originator Organization: Pennymac Loan Services, LLC, NMLSR ID: 35953**
**Individual Loan Originator's Name NMLSR ID: N/A**



[redacted]

**EXHIBIT A**

**BORROWER(S): EBONY LAWSON-WHITEHEAD**

**LOAN NUMBER:** [redacted]

**LEGAL DESCRIPTION:**

**STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, AND DESCRIBED AS FOLLOWS:**

**ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE 56TH WARD OF THE CITY OF PHILADELPHIA, DESCRIBED ACCORDING TO A SURVEY AND PLAN MADE BY HOWARD LEQUIN, SURVEYOR AND REGULATOR OF THE FIRST DISTRICT ON MARCH 16, 1961, AS FOLLOWS TO WIT: SITUATE ON THE SOUTHEAST SIDE OF LANGDON STREET (60 FEET WIDE) AT THE DISTANCE OF 203' 9 1/2" NORTHEAST FROM THE NORTHEAST SIDE OF LONEY STREET (60 FEET WIDE). CONTAINING IN FRONT OR BREADTH ON SAID LANGDON STREET 28' 4 1/2" AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHEAST BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID LANGDON STREET 119' TO A POINT IN THE CENTER LINE OF A CERTAIN 15' WIDE DRIVEWAY WHICH EXTENDS SOUTHWEST INTO LONEY STREET AND NORTHEAST NARROWING AT ITS NORTHEAST END TO THE WIDTH OF 12' SAID 12' DRIVEWAY EXTENDING NORTHEAST THENCE NORTHWEST INTO LANGDON STREET THE NORTHEAST LINE THEREOF, PARTLY PASSING THROUGH THE CENTER OF THE PARTY WALL BETWEEN THIS PREMISES AND THE PREMISES ADJOINING ON THE NORTHEAST.**

**UPI/PIN/Tax ID: 56-1141300**

**ALSO KNOWN AS: 7949 LANGDON STREET, PHILADELPHIA, PA 19111**



[redacted]